UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **JAMES H. MENDOZA, SR.** | **CIVIL ACTION** |
| **VERSUS** | **NO.16-14790** |
| **GINA HONTIVEROS, R.N.,** | **SECTION "S" (2)** |
| **THERESA CRUTHIRDS,** | |
| **DR. ELEANOR DAVERON,** | |
| **DR. TANYA D. MARTIN,** | |
| **BARNDI TORRES, R.M. AND** | |
| **UNITED STATES DEPARTMENT** | |
| **OF VETERANS AFFAIRS** | |

**ORDER AND REASONS**

**IT IS HEREBY ORDERED** that the United States of America's Motion to Dismiss Parties for Lack of Subject Matter Jurisdiction and Motion to Substitute the United States of America as the Sole Federal Defendant (Doc. #2) is **GRANTED**.

**IT IS FURTHER ORDERED** that plaintiff's claims against Gina Hontiveros, R.N., Theresa Cruthirds, Dr. Eleanor Daveron, Dr. Tanya D. Martin, Brandi Torres, R.N., and the United States Department of Veterans Affairs are **DISMISSED**.

**IT IS FURTHER ORDERED** that the United States of America is substituted as the proper federal defendant.

**BACKGROUND**

This matter is before the court on the United States of America's motion to dismiss plaintiff's claims against defendants, Gina Hontiveros, R.N., Theresa Cruthirds, Dr. Eleanor Daveron, Dr. Tanya D. Martin, Brandi Torres, R.N., and the United States Department of Veterans Affairs, for lack of subject matter jurisdiction and to substitute the United States of America as the sole and proper federal defendant.

Plaintiff, James H. Mendoza, Sr., filed this *pro se*[1] complaint against defendants alleging that they retaliated against him for filing a complaint about his treatment at a Department of Veterans Affairs medical center. Specifically, Mendoza alleges that he filed a complaint with Theresa Cruthids, a Patient Advocate, concerning Dr. Daveron and Nurse Torres claiming that they gave Mendoza "false information concerning a medical report from the Pain Management Clinic in New Orleans, Louisiana." Within an hour of Mendoza's filing the complaint, Dr. Martin, who was not Mendoza's doctor, stopped a prescription refill that was in progress. Mendoza alleges that Drs. Daveron and Martin falsified his medical records in retaliation for his filing the original complaint, which caused him mental and physical pain. Mendoza "demands that his medical records be cleared of any false information" and seeks $350,000 for mental and physical distress.

The United States filed the instant motion to dismiss seeking to dismiss Mendoza's claims against the individual federal employees and United States Department of Veterans Affairs for lack of subject matter jurisdiction, and to substitute the United States as the proper federal defendant.

## ANALYSIS

The Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346(b) and 2671-80 provides a limited waiver of sovereign immunity and grant of jurisdiction to the federal district courts for tort claims made against the United States of America. The FTCA provides that a tort action must be maintained against the United States of America, and bars suits against individual federal agencies.

---

[1] Because plaintiff is proceeding *pro se*, the court must construe his pleadings liberally. Grant v. Cuellar, 59 F.3d 523, 524 (5th Cir. 1995). However, "[t]he right of self-representation does not exempt a party from compliance with relevant rules of procedural and substantive law. Birl v. Estelle, 660 F.2d 592, 593 (5th Cir. 1981).

28 U.S.C. §§ 1346(b) and 2671-80. Further, as to claims against individual federal employees, 28 U.S.C. § 2679(d)(1) provides:

> [u]pon certification by the Attorney General that the defendant employee was acting within the scope of his office or employment at the time of the incident out of which the claim arose, any civil action or proceeding commenced upon such claim in a United States district court shall be deemed an action against the United States under the provisions of this title and all reference thereto, and the United States shall be substituted as the party defendant.

Pursuant to 28 C.F.R. § 15.4(a), the United States Attorney for the district where the civil action is brought is authorized to make the statutory certification under 28 U.S.C. § 2679(d)(1) "that the Federal employee was acting within the scope of his office or employment with the Federal Government at the time of the incident out of which the suit arose."

The United States filed a certificate executed by Kenneth Allen Polite, Jr., United States Attorney for the Eastern District of Louisiana, pursuant to 28 U.S.C. § 2679(d)(1) and 28 C.F.R. § 15.4, in which he certifies that after reading the complaint, he finds that the individual defendants were acting within the scope of their federal employment within the United States Department of Veterans Affairs at the time of the conduct alleged in the complaint. Thus, the United States of America is the proper defendant, and its motion is GRANTED.

## CONCLUSION

**IT IS HEREBY ORDERED** that the United States of America's Motion to Dismiss Parties for Lack of Subject Matter Jurisdiction and Motion to Substitute the United States of America as the Sole Federal Defendant (Doc. #2) is **GRANTED**.

**IT IS FURTHER ORDERED** that plaintiff's claims against Gina Hontiveros, R.N., Theresa Cruthirds, Dr. Eleanor Daveron, Dr. Tanya D. Martin, Brandi Torres, R.N., and the United States Department of Veterans Affairs are **DISMISSED**.

**IT IS FURTHER ORDERED** that the United States of America is substituted as the proper federal defendant.

New Orleans, Louisiana, this  14th  day of December, 2016.

_____
**MARY ANN VIAL LEMMON
UNITED STATES DISTRICT JUDGE**