# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **JAMES H. MENDOZA, SR.** | **CIVIL ACTION** |
| **VERSUS** | **NO. 16-14790** |
| **UNITED STATES OF AMERICA** | **SECTION "S" (2)** |

## ORDER AND REASONS

**IT IS HEREBY ORDERED** that the United States of America's Motion to Dismiss flor Lack of Subject Matter Jurisdiction and/or for Failure to State a Claim (Doc. #11) is **GRANTED**.

## BACKGROUND

This matter is before the court on the United States of America's motion to dismiss plaintiff's claims against it for lack of lack of subject matter jurisdiction and failure to state a claim upon which relief can be granted.

Plaintiff, James H. Mendoza, Sr., *pro se*,[1] alleges that the United States retaliated against him for filing a complaint about his treatment at a Department of Veterans Affairs medical center.[2] Specifically, Mendoza alleges that he filed a complaint with Theresa Cruthids, a Patient Advocate, concerning Dr. Eleanor Daveron and Nurse Brandi Torres claiming that they gave Mendoza "false information concerning a medical report from the Pain Management Clinic in New Orleans, Louisiana." Within an hour of Mendoza's filing the complaint, Dr. Tanya D. Martin, who was not

---

[1] Because plaintiff is proceeding *pro se*, the court must construe his pleadings liberally. Grant v. Cuellar, 59 F.3d 523, 524 (5th Cir. 1995). However, "[t]he right of self-representation does not exempt a party from compliance with relevant rules of procedural and substantive law. Birl v. Estelle, 660 F.2d 592, 593 (5th Cir. 1981).

[2] Mendoza named as defendants, Gina Hontiveros, R.N., Theresa Cruthirds, Dr. Eleanor Daveron, Dr. Tanya D. Martin, Brandi Torres, R.N., and the United States Department of Veterans Affairs. The United States filed a motion to dismiss Mendoza's claims against those defendants and substitute the United States as the proper defendant. This court granted the motion and the United States is now the defendant in this action.

Mendoza's doctor, stopped a prescription refill that was in progress. Mendoza alleges that Drs. Daveron and Martin falsified his medical records in retaliation for his filing the original complaint, which caused him mental and physical pain. Mendoza "demands that his medical records be cleared of any false information" and seeks $350,000 for mental and physical distress.

The United States filed the instant motion to dismiss seeking to dismiss Mendoza's claims arguing that this court lacks subject matter jurisdiction over Mendoza's claims for libel, slander and misrepresentation. The United States also argues that Mendoza has not stated a claim for intentional infliction of emotional distress. Further, the United States argues that Mendoza has not stated a claim under the Privacy Act, 5 U.S.C. § 552a, because he failed to exhaust the administrative remedies prior to filing suit. Mendoza states facts in his medical records that he claims are untrue and that he had a conversation with Cruthirds, who said that a Torres caused many problems.

## ANALYSIS

I.  **The United States' Morton to Dismiss for Lack of Subject Matter Jurisdiction**

   A.  **Legal Standard**

"Motions filed under Rule 12(b)(1) of the Federal Rules of Civil Procedure allow a party to challenge the subject matter jurisdiction of the district court to hear a case." Ramming v. United States, 281 F.3d 158, 161 (5th Cir. 2001). "Lack of subject matter jurisdiction may be found in any one of three instances: (1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." Id. In a 12(b)(1) motion, the party asserting jurisdiction bears the burden of proof that jurisdiction does in fact exists. Id.

### B. Mendoza's Claims for Libel, Slander and Misrepresentation

The United States argues that this court lacks subject matter jurisdiction over Mendoza's claims for libel, slander and misrepresentation.

As a sovereign, the United States "is immune from suit save as it consents to be sued[.]" United States v. Mitchell, 100 US 1349, 1351 (1980). "The FTCA is a limited waiver of sovereign immunity that allows plaintiffs to bring state law tort actions against the federal government." Tsolmon v. United States, 841 F.3d 378, 382 (5th Cir. 2016) (citing Willoughby v. United States ex. rel. U.S. Dep't of the Army, 730 F.3d 476, 479 (5th Cir. 2013)). The FTCA excludes from its limited waiver of sovereign immunity claims against the government for libel, slander and both intentional and negligent misrepresentation. 28 U.S.C. § 2680(h); United States v. Neustadt, 81 S.Ct. 1294, 1298 (1961). It also excludes defamation claims. White v. United Stats, 419 Fed. Appx. 439, 441 (5th Cir. 2011).

Because the FTCA and applicable jurisprudence clearly states that claims for libel, slander, defamation and intentional and negligent misrepresentation are not included in the FTCA's limited waiver of sovereign immunity, this court lacks subject matter jurisdiction over such claims. The United States' motion to dismiss Mendoza's claims for libel, slander and misrepresentation is GRANTED, and those claims are DISMISSED WITH PREJUDICE.

### II. The United States' Morton to Dismiss for Failure to State a Claim

#### A. Legal Standard

Rule 12(b)(6) of the Federal Rules of Civil Procedure permits a motion to dismiss a complaint for failure to state a claim upon which relief can be granted. To survive a Rule 12(b)(6) motion to dismiss, enough facts to state a claim for relief that is plausible on its face must be pleaded. In re Katrina Canal Breaches Litig., 495 F.3d 191, 205 (5th Cir. 2007) (quoting Bell Atl.

v. Twombly, 127 S.Ct. 1955, 1964-65 & 1973 n. 14 (2007)).  A claim is plausible on its face when the plaintiff pleads facts from which the court can "draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009). "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." Twombly, 127 S.Ct. at 1965.  The court "must accept all well-pleaded facts as true and view them in the light most favorable to the non-moving party." In re S. Scrap Material Co., LLC, 541 F.3d 584, 587 (5th Cir. 2008).  However, the court need not accept legal conclusions couched as factual allegations as true.  Iqbal, 129 S.Ct. at 1949-50.  In considering a motion to dismiss for failure to state a claim, a district court may consider only the contents of the pleading and the attachments thereto. Collins v. Morgan Stanley Dean Witter, 224 F.3d 496, 498 (5th Cir. 2000) (citing Fed. R. Civ. P. 12(b)(6)).

**B.     Mendoza's Claim for Intentional Infliction of Emotional Distress**

The United States moves to dismiss Mendoza's intentional infliction of emotional distress claims.

To recover for intentional infliction of emotional distress, a plaintiff must establish: (1) that the defendant's conduct was extreme and outrageous; (2) that the emotional distress suffered by the plaintiff was severe; and, (3) that the defendant desired to inflict severe emotional distress or knew that severe emotional distress would be substantially certain to result from his conduct. White v. Monsanto Co., 585 So.2d 1205, 1209 (La. 1991). Under Louisiana law, "extreme and outrageous conduct" is conduct that is "'so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious and utterly intolerable

in a civilized community.'" Rice v. Reliaster Life Ins. Co., 770 F.3d 1122, 1137 (5th Cir. 2014) (quoting White v. Monsanto, 585 So.2d 1205, 1209 (La. 1991)).

Mendoza has not put forth any allegations that satisfy the elements of intentional infliction of emotional distress. He states that certain entries in his medical files were "very upsetting" to him, but there are no allegations that demonstrate extreme or outrageous conduct or that that medical personnel desired to inflict severe emotional distress or knew that severe emotional distress would be substantially certain to result from their allegedly false entries in Mendoza's medical records. Therefore, the United States' motion to dismiss Mendoza's infliction of emotional distress claims is GRANTED, and those claims are DISMISSED WITHOUT PREJUDICE.

### C. Mendoza's Claim under the Privacy Act

The United States moved to dismiss Mendoza's Privacy Act claim for failure to exhaust the administrative remedies prior to filing suit.

Under the Privacy Act, 5 U.S.C. § 522a(d), an individual may request the records pertaining to him maintained by a federal agency. That individual can request an amendment of his records and the government must either make the changes or inform the individual of its refusal to amend the record and the reasons for the refusal. Id. The Privacy Act also explains the procedures for the individual to appeal a refusal to amend the records. Id. If the agency refuses to amend the records, the individual may sue the agency in the appropriate district court of the United States. Id. at § 522a(g)(1). The United States Court of Appeals for the Fifth Circuit has held that § 522a(g)(1) is a jurisprudential exhaustion requirement and an individual may not bring a civil action under the Privacy Act without exhausting the administrative remedies unless:

> (1) the unexhausted administrative remedy would be plainly inadequate, (2) the claimant has made a constitutional challenge that

would remain standing after exhaustion of the administrative remedy, (3) the adequacy of the administrative remedy is essentially coextensive with the merits of the claim (e.g., the claimant contends that the administrative process itself is unlawful), and (4) exhaustion of administrative remedies would be futile because the administrative agency will clearly reject the claim.

Taylor v. U.S. Treasury Dep't, 127 F.3d 470, 477 (5th Cir. 1997). If an individual has not exhausted the administrative remedies and does not meet one of the exceptions, he fails to state a claim under the Privacy Act. Id.

Mendoza has not alleged that he exhausted the administrative remedies, and there is no indication that he meets any of the exceptions to exhaustion. Therefore, he has not stated a claim under the Privacy Act. The United States' motion to dismiss Mendoza's Privacy Act claim is GRANTED, and that claim is DISMISSED WITHOUT PREJUDICE.

## CONCLUSION

**IT IS HEREBY ORDERED** that the United States of America's Motion to Dismiss flor Lack of Subject Matter Jurisdiction and/or for Failure to State a Claim (Doc. #11) is **GRANTED**.

New Orleans, Louisiana, this \_\_5th\_\_ day of May, 2017.

*[signature]*

**MARY ANN VIAL LEMMON**
**UNITED STATES DISTRICT JUDGE**